

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 9, 2024

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

    Re:    *United States v. Joseph Sprolling*, 24 Cr. 147 (AS)

Dear Judge Subramanian:

    On July 2, 2024, the Court issued an order rescheduling the change-of-plea proceeding in the above-referenced case. (Dkt. 24). That order directed the parties to meet and confer before the plea proceeding for at least half an hour, "to determine whether…continued prosecution of this case is warranted or whether there are any potential available options in this proceeding." (*Id.*). The Government writes to respectfully request that the Court reconsider that portion of the order.

    "While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d) [now L. Crim. R. 49.1(b)]," which contemplates reconsideration based on "matters or controlling decisions which counsel believes the Court has overlooked." *United States v. Baldeo*, No. 13 Cr. 125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd* 615 F. App'x 26, 27-28 (2d. Cir. 2015). Reconsideration is warranted where there are matters "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (noting that the standard is "strict"). Here, the Government respectfully requests that the Court reconsider its decision given separation-of-powers principles and the requirement under Federal Rule of Criminal Procedure 11(c)(1) that courts should refrain from participating in plea discussions.

    As an initial matter, in this case, as in any case, the Government is willing to hear relevant arguments and information that bear on the defendant's innocence, whether a prosecution should be brought or continue, or any other relevant factor. With respect to defense requests for resolutions that do not involve continued prosecution—sometimes referred to as pretrial diversion or a "deferred prosecution"—the Office employs a procedure that permits any defendant to request that the Government allow a resolution other than a felony plea, such as a misdemeanor or a deferred-prosecution agreement. The Government regularly reviews written submissions from defendants making such requests, which are referred to an internal committee to ensure (among

other things) that they are reviewed and considered consistently. Any defendant may "appeal" a committee's decision to deny a deferred prosecution or misdemeanor resolution to the Chief of the Criminal Division. Here, the defendant never made such a request. And for good reason—the plea in this case, which was negotiated months ago, after the Government produced significant pre-indictment discovery as a courtesy, provides important benefits to the defendant. But if the defendant now wishes to make a request for a different resolution, the Government will consider such a request as it would in any other case.

Although the Government is willing to consider a request for a diversionary disposition if one is made, the Government asks that the Court reconsider its order that the parties discuss such a disposition, and do so for a particular length of time. That order contravenes Federal Rule of Criminal Procedure 11(c)(1), which prohibits the Court from being involved in any way in plea discussions in criminal cases. Rule 11 states that while the parties can engage in plea discussions and reach a plea agreement, "[t]he court must not participate in these discussions." The rule exists because even well-intentioned involvement in or encouragement of plea discussions by the Court can have outsized influence, potentially introducing error if the influence renders a defendant's plea decision involuntary. *E.g. United States v. Paul*, 634 F.3d 668, 671 (2d Cir. 2011); *see also U.S. ex rel. Elksnis v. Gilligan*, 256 F. Supp. 244, 254 (S.D.N.Y. 1966) ("[i]ntentionally or otherwise, and no matter how well motivated the judge may be, the accused is subjected to a subtle but powerful influence" when the judge gets involved in plea discussions). Here, although the Court made clear that it "is not in possession of all the facts, and it intimates no view on these issues," the Court's order could implicitly suggest to the defendant that a guilty plea might not be the appropriate outcome. Even this subtle message could potentially be construed as running afoul of the prohibition in Rule 11(c). For instance, despite the order's disclaimer of any view on the question whether continued prosecution is warranted, the defendant might reasonably understand the order to indicate the Court's view that the defendant should not be punished, and therefore might plead guilty (or refuse to plead guilty) based on expectations—correct or not—about the likely sentence.

Rule 11's prohibition on judicial involvement in plea discussions dovetails with significant separation-of-powers concerns. "'Charging decisions are generally within the prosecutor's exclusive domain…. Hence, 'separation of powers requires that the judiciary remain independent of executive affairs.'" *United States v. Bary*, 57 F. Supp. 3d 300, 304-05 (S.D.N.Y. 2014) (quoting *United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983)). And courts "grant special deference to the executive branch in the performance of the 'core' executive function of deciding whether to prosecute." *Pyke v. Cuomo*, 258 F.3d 107, 109 (2d Cir. 2001). Here, the Government is aware of the defendant's employment and conduct while awaiting trial, and has determined that continued prosecution is warranted.

Accordingly, to avoid any potential Rule 11 concerns, and in light of the existing procedures for a defendant's requesting pretrial diversion where it is warranted, the Government respectfully requests that the Court reconsider its order.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s/
     Catherine Ghosh
     Derek Wikstrom
     Assistant United States Attorneys
     (212) 637-1114 / 1085

Cc:   Evan Lipton, Esq.

---

The parties need not meet and confer, and the Court reiterates that it has no view on the merits of this case. Yet the Court finds it puzzling that the government chose to submit this letter (which likely took more than 30 minutes to draft) rather than talk with defense counsel for 30 minutes to tell him the government's position and the proper channels for any deferred-prosecution request. In any event, as the Court's order noted, its main purpose was "to ensure that the parties have focused on this case." Dkt. 25. While this letter emphasizes that the plea agreement was "negotiated months ago," it was not provided to the Court until moments before the June 27 hearing, nor did the parties previously inform the Court that a change in plea was anticipated.
The Clerk of Court is directed to close Dkt. 26.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 9, 2024